IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORINTHUS BEVELY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 16-cv-702-SMY |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Corinthus Bevely's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1)[1]. For the following reasons, the Motion is **DENIED**.

### Factual and Procedural Background

On January 5, 2015, a federal grand jury indicted Bevely on one charge of conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846. *See United States v. Bevely*, 15-cr-40003, Doc. 1. Bevely pleaded guilty to the charge without a written plea agreement on April 30, 2015 (Doc. 28).

Probation prepared a presentence investigation report (PSR) and calculated Bevely's Guidelines sentencing range based on the United States Sentencing Commission's Guidelines Manual. Bevely qualified as a career offender within the meaning of Guidelines §§ 4B1.1 and 4B1.2 due to his prior state convictions for aggravated battery, a controlled substance offense, and

---

[1] Petitioner has filed numerous motions for leave to amend/supplement (Docs. 2, 3, 18, and 19), all of which were granted.

numerous other convictions. Bevely's calculated Guidelines sentencing range was 151 to 188 months imprisonment.

This Court sentenced Bevely to 151 months imprisonment and 3 years of supervised release on November 24, 2015 (Doc. 60). During the sentencing hearing, Bevely's counsel withdrew objections to his designation as a career offender for lack of legal support. The Court confirmed with Bevely on the record that he understood and accepted his status as a career offender:

| | |
|---|---|
| THE COURT: | Okay. And do you also understand that by this agreement you are agreeing that – to you – to the status of that of a career offender, which would then make your base level offense – the total offense level a 32? Do you understand that? |
| MR. BEVELY: | Yes, ma'am. |
| … | |
| THE COURT: | Okay. And you are okay and satisfied with this agreement; is that correct? |
| MR. BEVELY: | Yes, ma'am. |

*Id.* at p. 12. Bevely's counsel did not object to the Court's calculation of the Guidelines sentencing range for imprisonment, including the application of the career offender enhancement. *Id.* at p. 14. Bevely did not file a direct appeal.

Bevely now challenges his career offender classification, asserting that his prior aggravated battery and drug offenses should not qualify him for the career offender enhancement under the Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), *United States v. Mathis*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) (Docs. 1-3). He also argues that his counsel was ineffective for failing to argue for the application of those decisions and for the application of the categorical approach to his prior drug offenses (Doc. 18). Finally, he argues that the Guidelines calculation should have included a minor role reduction

based on Amendment 794, which amended § 3B1.2 of the Guidelines and *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) (Doc. 2).

## Standard of Review

An action brought under 28 U.S.C. § 2255 is an attempt to collaterally attack a sentence outside of the traditional avenue of appeal. Such relief "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013). In other words, § 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009).

The Court is not required to hold an evidentiary hearing on a § 2255 motion if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Cooper v. United States*, 378 F.3d 638, 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)). Based on its review of the filings, this Court concludes that the issues in this case can be resolved on the existing record; an evidentiary hearing is not necessary.

## Discussion

### Guidelines Challenges

As previously noted, Bevely did not file a direct appeal of his conviction or sentence. The "failure to raise an issue on direct appeal generally bars a defendant from raising it later in a post-conviction proceeding." *Barker v. United States*, 7 F.3d 629, 632 (7th Cir. 1993) (citations omitted). This rule applies unless cause can be shown for the procedural default as well as actual prejudice. *Id.* The asserted "cause" must be attributable to forces outside a petitioner's own conduct or decision-making processes. The Supreme Court has excused procedural default on

collateral review in three limited circumstances: (1) when a criminal defendant received ineffective assistance of counsel; (2) when the claim is novel; and (3) when the defendant is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Smith v. Murray*, 477 U.S. 527, 536 (1986); *McQuiggin v. Perkins*, 569 U.S. 383, 393 (2013). As such, the question is whether Bevely has demonstrated cause and actual prejudice.

Here, Bevely raises for the first time a claim for ineffective assistance of counsel based on his attorney's failure to argue for the application of the categorical approach to his prior drug offenses. To prevail on a claim of ineffective assistance of counsel, one must show that (1) "counsel's performance was deficient," i.e., it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Regarding performance, the defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* And as to prejudice, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Thus, a defendant must show that "[t]he likelihood of a different result [was] substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

The Seventh Circuit has squarely rejected the application of the categorical approach in determining whether a prior cocaine conviction under Illinois law was a "controlled substance offense" for purposes of the career-offender guideline. *United States v. Ruth*, 966 F.3d 642, 654 (7th Cir. 2020). Specifically, the court held that cocaine convictions under Illinois law are properly characterized as controlled substance offenses according to the career-offender guideline because § 4B1.2(b) defines "controlled substance offense" broadly, "and the definition is most plainly read to include state-law offenses related to controlled or counterfeit substances punishable by

imprisonment for a term exceeding one year." *Id.* at 651, 654. Thus, *Ruth* forecloses Bevely's ineffective assistance claim – his counsel was not ineffective for failing to raise a meritless argument. *See*, *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003); *Faucett v. United States*, 872 F.3d 506, 512 (7th Cir. 2017).

Nor was Bevely's counsel ineffective for failing to argue for the application of *Johnson v. United States*, 784 F.App'x 373 (6th Cir. 2019) to challenge the determination that his aggravated battery conviction was a "crime of violence" under the career-offender guideline. In *Johnson*, the defendant's sentence was enhanced under the Armed Career Criminal Act (ACCA) based on his prior conviction for third-degree assault under Missouri law. *Johnson*, 784 F. App'x at 375. Conversely, Bevely's prior crime of violence was aggravated battery under Illinois law and his Guidelines range was enhanced under § 4B1, not the ACCA. His prior conviction for aggravated battery involving the use of a deadly weapon under Illinois law qualifies as a "crime of violence" according to the career-offender guideline. *United States v. Lopez*, 692 F.App'x 302, 304 (7th Cir. 2017). Because *Johnson* would not alter that result, Bevely's counsel's failure to make a meritless argument based on an inapplicable case from a foreign circuit was not objectively unreasonable or ineffective. *See Merriweather v. United States*, No. 15-CR-40046-JPG-006, 2020 WL 2308240, at *4 (S.D. Ill. May 8, 2020) (denying ineffective assistance of counsel claim because defendant's "prior aggravated battery conviction [under Illinois law] clearly qualified as a crime of violence for career offender purposes, and the Court cannot imagine what [defense counsel] could have argued to convince it otherwise").

Bevely asserts no novel claims in his motion. That is to say that he fails to establish that any of his asserted grounds for relief are original, unique rights, raised for the first time in his case. The Supreme Court decided *Johnson* on June 26, 2015, approximately five months *before* Bevely's

sentencing hearing. Therefore, the *Johnson* decision and its implications were readily available to Bevely at the time of his sentencing and throughout his window for direct appeal. And although *Mathis* was not decided until June 2016, it did not create a novel argument of which Bevely could not avail himself of prior to its drafting. Moreover, the *Mathis* court made clear that it was not announcing a new rule and that its decision was dictated by decades of prior precedent. *Mathis* 136 S. Ct. at 2257; *see also Gulley v. United States*, 2017 WL 2450178, at *4 (C.D. Ill. June 6, 2017) (collecting cases that hold *Mathis* did not state new rule for the purposes of § 2255). "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (emphasis in original). There is no novelty to Bevely's *Mathis* claim – courts have applied a categorical approach to determine what convictions qualify as predicate offenses for years.

Next, Bevely may not cure his procedural default by claiming actual innocence. To establish a claim of actual innocence, a defendant must "support his allegations of constitutional error with new reliable evidence ... that was not presented at trial," and must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). The actual innocence analysis traditionally applies to the conviction—not to the sentence (or a Sentencing Guideline provision). In a non-capital sentencing setting, one may only be deemed "actually innocent" of a sentence if sentenced above the statutory maximum. *See United States v. Rodriquez*, 553 U.S. 337, 390 (2008). Bevely's sentence was not above the statutory maximum for his crimes.

## Minor Role Reduction

Bevely argues that he was entitled to a "minor role" reduction based on Amendment 794 which took effect on November 1, 2015 and amended § 3B1.2 of the Guidelines regarding the

mitigating role reduction. But Amendment 794 may not be applied retroactively on collateral review. *See Ozuna v. United States*, 2017 WL 4083724, at *1 (7th Cir. Aug. 22, 2017) (affirming district court's dismissal of 794 Amendment claim brought in § 2255 case because "Section 2255 is not a basis for relief for guideline errors, and there was no reason for the district judge to construe the papers as a motion to reduce under § 3582(c) because Amendment 794 is not retroactive and did not reduce a guideline. It simply clarified when to apply a guideline that lowers a range."). The case upon which Bevely relies, *United States v. Quintero-Leyva*, 823 F.3d 519, 521 n. 1 (9th Cir. 2016), held that Amendment 794 applies retroactively in direct appeals, but declined to determine whether "a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." *Id*. Bevely cites no controlling authority for the proposition that Amendment 794 applies retroactively on collateral review, nor is the Court aware of any such authority. Therefore, Bevely's minor role reduction challenge is also rejected.

For the foregoing reasons, Bevely's Petition is **DENIED** and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Bevely must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

This Court has determined that Bevely has not stated any grounds for relief under § 2255 and that reasonable jurists would not find that conclusion debatable or wrong. Thus, Bevely has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

**IT IS SO ORDERED.**

**DATED: March 15, 2022**

2022.03.15
16:00:10
-05'00'

**STACI M. YANDLE**
**United States District Judge**